IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Nancy M. Taylor and James Taylor, ) | C/A No. 7:16-cv-03316-DCC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Lowe's Home Centers, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter comes before the Court upon Defendant's Motion for Summary Judgment, ECF No. 22. Plaintiffs filed a Response in Opposition,[1] ECF No. 29, and Defendant filed a Reply, ECF No. 30. The Court heard argument on the Motion on February 15, 2018. ECF No. 41. Therefore, the Motion is ripe for review.

## **BACKGROUND**

On September 26, 2015, Plaintiffs arrived at Defendant's store in Spartanburg, South Carolina just before 4:00 p.m. When Plaintiffs arrived, the weather was clear, although it had rained earlier in the day. Plaintiff James Taylor let Plaintiff Nancy Taylor out of the vehicle so that she could do her shopping while he waited in the car. When Plaintiff Nancy Taylor walked into the store, she took a shopping cart; a short time later, she stopped in an aisle, bent over to look at goods on a shelf, and fell. Defendant's employees found her shortly thereafter and conducted an investigation of the fall.

---

[1] Plaintiffs later filed an Amended Response in Opposition with deposition excerpts from their expert witness. ECF No. 40. Although Plaintiffs did not request leave to file this Amended Response, the Court has considered the filing in its review of Defendant's Motion.

Plaintiffs filed a Complaint against Defendant in the Court of Common Pleas for Spartanburg County, South Carolina, alleging that Plaintiff Nancy M. Taylor "slipped on water that had been allowed to pool on the floor [of Defendant's premises] and fell to the ground, hitting her head and causing her numerous injuries." ECF No. 1-1 at 6. Defendant removed the case to this Court. ECF No. 1. Thereafter, Defendant filed a Motion for Summary Judgment, in which it claimed there are no genuine issues of material fact as to whether Defendant created a dangerous condition or had actual or constructive notice of a dangerous condition. ECF No. 22. Plaintiffs filed a Response, in which they contend that Defendant's premises had a history of roof leaks, which necessitated repairs on numerous occasions. ECF No. 29 at 1. Therefore, according to Plaintiffs, Defendant had constructive notice of the dangerous condition on its premises and are liable for Plaintiffs' injuries. *Id.* Additionally, Plaintiffs state that Defendant failed to preserve evidence about the slip and fall and should thus be deemed to have spoliated evidence in the case. ECF No. 29 at 4–5. In reply, Defendant claims that "Plaintiffs present no evidence that demonstrates that [Defendant] had any reason to know there would be a puddle of water where [Plaintiff Nancy Taylor] fell." ECF No. 30 at 3. Defendant further argues that the issue of spoliation only goes to the existence of a dangerous condition and is unrelated to whether Defendant had actual or constructive notice of the alleged dangerous condition. *Id.* at 4–6.

## SUMMARY JUDGMENT STANDARD

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. To that end, "Rule 56 states

2

"[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

3

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

"Storekeeper liability is founded upon the duty of care a possessor of land owes to an invitee." *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 730 (S.C. 2001). "A merchant is not an insurer of the safety of his customers, but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." *Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). "[M]erchants are not required to continuously inspect their floors for foreign substances." *Legette v. Piggly Wiggly, Inc.*, 629 S.E.2d 375, 377 (S.C. Ct. App. 2006).

"To recover damages for injuries caused by a foreign substance on a merchant's premises, 'the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall.'" *Massey v. Wal-Mart Stores E., L.P.*, No. 4:09-cv-01694-RBH, 2010 WL 3786056, at *3 (D.S.C. Sept. 22, 2010) (quoting *Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 729–30 (S.C. 2001). "The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had

the storekeeper used ordinary care." *Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24–25 (S.C. Ct. App. 1990). "However, the length of time that the foreign substance has been on the floor is not a determination that can be left to speculation." *Massey*, 2010 WL 3786056, at *3.

As an initial matter, the Court finds that there is a genuine issue of material fact regarding the existence of a puddle of water on Defendant's premises. Plaintiff James Taylor testified at his deposition that he saw a large puddle of water on the ground when he found his wife after her fall. ECF Nos. 29-1 at 18–19. The question then becomes whether there is evidence that Defendant put the foreign substance on the floor or whether it had actual or constructive notice of the foreign substance's existence. There is no allegation by Plaintiffs that Defendant put the substance on the floor, nor is there an allegation that Defendant had actual notice of its existence. Thus, the only question for the Court is whether Plaintiffs have offered evidence of constructive notice.

To demonstrate constructive notice, a plaintiff must "proffer evidence to show how long the water had been on the floor prior to [p]laintiff's fall." *Massey*, 2010 WL 3786056, at *4. Alternatively, a plaintiff may offer evidence that a dangerous condition has existed for such a period of time that a storekeeper in the use of reasonable care should have discovered the condition. *Major v. City of Hartsville*, 763 S.E.2d 348, 350 (S.C. 2014). Here, Plaintiffs have submitted no evidence to establish the amount of time that the water had been on the floor prior to the fall. Rather, Plaintiffs claim that the Court should infer that Defendant's roof was leaking in the spot where Plaintiff Nancy Taylor fell simply because Defendant's premises had a history of roof leaks. ECF No. 40 at 7–8. Specifically, Plaintiffs suggest that "given the array of duct work, lighting, metal work, crane cables, etc… along the ceiling, the jury could find, correctly, with common knowledge, that water could run along any of those constructs from the point the rain water infiltrated the roof material until it fell to the floor." *Id.* at 8. These mere allegations without more,

5

however, are not enough to preclude summary judgment. *See Dash v. Mayweather*, 713 F.3d 303, 311 (4th Cir. 2013) ("Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.").

Plaintiffs' expert, James Steven Hunt, even acknowledged at his deposition that there was no evidence of the roof leaking in the spot where Plaintiff Nancy Taylor fell. ECF No. 40-1 at 18. In fact, Mr. Hunt testified that, "[w]hat we don't know is whether or not the – especially on single ply roofs, whether [water] got under the roofing and traveled, because we had 16 hours of rain that day." *Id.* at 17. This testimony is insufficient to create a genuine issue of material fact as to Defendant's constructive notice of the water on the floor, as Plaintiffs have not offered any evidence that the puddle was caused by a leaking roof. *See, e.g., Henderson v. St. Francis Cmty. Hosp.*, 399 S.E.2d 767 (S.C. 1990) (finding evidence of constructive notice when plaintiff slipped on accumulated sweet gum balls in a parking lot when defendant "was specifically advised to remove the trees because they produced debris which created a nuisance and maintenance problem").

Finally, Plaintiffs' allegations of spoliation of evidence do not alter the Court's conclusion that summary judgment is appropriate because Plaintiff's request for an adverse inference relates only to the issue of whether there was water on the floor, <u>not</u> whether Defendant had notice of water on the floor.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED.**

IT IS SO ORDERED.

>                               s/Donald C. Coggins, Jr.
>                               United States District Judge

March 22, 2018
Spartanburg, South Carolina